# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60795
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2020

Lyle W. Cayce
Clerk

BERTA ISABEL LOPEZ-DIAZ; BRITANY MICHELE VELASQUEZ-LOPEZ,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 236 914
BIA No. A209 236 915

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Berta Isabel Lopez-Diaz and her minor daughter, Britany Michele Velasquez-Lopez, petition this court for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the denial of their applications for asylum and withholding of removal. Lopez-Diaz argues that the immigration judge (IJ) did not analyze each of her proposed alternative

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

particular social groups or clarify which groups he considered.  She further asserts that the BIA should have remanded the case to the IJ for consideration of her alternative particular social groups as required by *Matter of W-Y-C & H-O-B*, 27 I. & N. Dec. 189 (BIA 2018).

On petition for review of an agency decision, this court reviews factual findings under the substantial evidence standard and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  Findings of fact are reviewed for substantial evidence, meaning that "this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

The Secretary of Homeland Security and the Attorney General have discretion to grant asylum to refugees.  8 U.S.C. § 1158(b)(1); *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).  To be eligible for asylum as a refugee, the applicant must show "that she was persecuted in the past on account of one of the five statutory grounds or that she has a well-founded fear of being persecuted in the future because of one of those grounds." *Cabrera v. Sessions*, 890 F.3d 153, 159 (5th Cir. 2018); *see* 8 C.F.R. § 1208.13(b)(1)-(2). The "on account of language" contained in 8 U.S.C. § 1101(a)(42)(A) "requires the alien to prove some nexus between the persecution and the five protected grounds." *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 349 (5th Cir. 2002).  The statutorily protected ground must be "at least one central reason" for the harm. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (internal quotation marks and citation omitted).

Contrary to Lopez-Diaz's argument, *Matter of W-Y-C & H-O-B* does not require the BIA to remand this case for consideration of her alternative proposed particular social groups.  In that case, the respondent conceded the social group she raised before the IJ was not valid and raised a new social

No. 18-60795

group for the first time on appeal to the BIA. *Matter of W-Y-C & H-O-B*, 27 I & N Dec. at 189-90. Because the IJ did not have an opportunity to make the necessary underlying findings of fact, the BIA determined that it could not consider the social group in the first instance on appeal. *Id.* at 191-92. In this case, the BIA determined Lopez-Diaz did not establish a nexus between her alternative particular social groups and the persecution. Because she did not make such a showing, she would not have been eligible for asylum even if she had established membership in one or all of the alternative particular social groups. *See Cabrera*, 890 F.3d at 159. Therefore, the BIA was not required to reach her argument that the IJ did not analyze each of her alternative particular social groups. Substantial evidence supports the BIA's determination that Lopez-Diaz was the victim of criminal activity by gang members who were acting out of their own personal motives, rather than persecuting her on account of her membership in a particular social group. Conduct driven by purely personal or criminal motives does not constitute persecution on account of a protected ground. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015); *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004). Accordingly, Lopez-Diaz has not satisfied her burden of showing that the record compels the conclusion that she is eligible for asylum or withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012); *Gomez-Palacios*, 560 F.3d at 358.

PETITION DENIED.